IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE ADOLPHO GUZMAN § | | |
| TDCJ #00239085 § | | |
| v. § | | C.A. NO. C-13-101 |
| § | | |
| RISSI L. OWENS § | | |

**MEMORANDUM AND RECOMMENDATION TO DISMISS COMPLAINT**

This is a pro se prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 10 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee, or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam) (citations omitted). Plaintiff's *pro se* complaint must be read indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims be dismissed with prejudice for failure to state a claim or as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and § 1915A(b)(1).

**I. JURISDICTION**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Correctional Institutions Division, confined at the McConnell Unit located in Beeville, Texas.  (D.E. 1, at 6). He is currently serving a life sentence pursuant to state court convictions for murder with malice entered in 1971.  Id.   He became eligible for parole on June 19, 1983.  Id.  However, he has been denied parole by the Texas Board of Pardons and Paroles, of which defendant is the chairperson. Id. at 7-8.

Plaintiff filed this action on April 8, 2013, alleging that defendant violated his constitutional rights in denying him parole.  Id.  Specifically, he raises two distinct claims: (1) defendant's retroactive application of § 508.046 of the Texas Government Code to his parole hearings violates the Ex Post Facto Clause; and (2) defendant's consideration of factors beyond those set out by the Texas parole statute in determining whether to grant plaintiff parole violates substantive due process implicit in the Fourteenth Amendment.  Id. at 10-14.  He seeks the following relief: (1) a declaratory judgment that defendant violated the Fourteenth Amendment by departing from the statutory scheme for deciding parole decisions; (2) a permanent injunction prohibiting defendant from considering anything less than the factors set out by the parole statute; and (3) a permanent injunction ordering defendant to reconsider plaintiff's parole petition applying the correct factors.  Id. at 13-14.

## III.  DISCUSSION

**A.     Plaintiff Fails To Establish An Ex Post Facto Claim.**

Plaintiff alleges that defendant's retroactive application of § 508.046 of the Texas Government Code constitutes a violation of the Ex Post Facto Clause.

2

A change in law violates the Ex Post Facto Clause if it is "both retroactive and to a prisoner's detriment." Hallmark v. Johnson, 118 F.3d 1073, 1077-78 (5th Cir. 1997); see also Lynce v. Mathis, 519 U.S. 433, 441 (1997) ("To fall within the ex post facto prohibition, a law must be retrospective-that is, 'it must apply to events occurring before its enactment'-and it 'must disadvantage the offender affected by it'... by altering the definition of criminal conduct or increasing the punishment for the crime.") (citing Weaver v. Graham, 450 U.S. 24, 29 (1981); Collins v. Youngblood, 497 U.S. 37, 50 (1990)). Changes in parole laws that are made retroactive may implicate the Ex Post Facto Clause if they "retroactively increase punishment." Wallace v. Quarterman, 516 F.3d 351, 355 (5th Cir. 2008) (citation omitted). However, such changes must "create more than a 'speculative, attenuated risk of affecting a prisoner's actual term of confinement.'" Id. at 356 (quoting California Dept. Of Corrs. v. Morales, 514 U.S. 499, 509-09 (1995)). The Fifth Circuit has explained that § 508.046, which increases the size of the parole board voting panel from three members to eighteen members, does not violate the Ex Post Facto Clause unless the plaintiff presents evidence that he would have received the required two votes necessary for parole pursuant to the previous statute. Id. at 354-56; see also Kyles v. Garrett, No. G-03-0053, 2010 WL 3303736, at *5 (S.D. Tex. Aug. 19, 2010) (unpublished) (citing Wallace).

Here, plaintiff has failed to present any evidence in this regard and his allegations are entirely conclusory. Furthermore, it is unclear why this claim is included in his complaint because he does not appear to seek any relief related to his § 508.046 challenge. (D.E. 1, at 13-14); see also Hunter v. Owens, 375 F. App'x 427, 428 (5th Cir. 2010) (per curiam) (unpublished) (explaining that a § 1983 ex post facto challenge to § 508.046 would warrant as relief "'at most a

3

new parole hearing at which [Texas] parole authorities may, in their discretion, decline to shorten his prison term.'") (citation omitted). Accordingly, it is respectfully recommended that plaintiff's ex post facto claim be dismissed for failure to state a claim.

**B.     Plaintiff Fails To Establish A Protected Liberty Interest In Parole.**

Next, plaintiff alleges that defendant's decision to deny him parole was arbitrary and capricious and exceeded the statutory authority delegated to the parole board in violation of substantive due process.

The Fifth Circuit has determined that "there is no constitutional expectancy of parole in Texas." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citation omitted); accord Green v. Johnson, 160 F.3d 1029, 1044 (5th Cir. 1998) ("Texas law does not confer a fundamental right to parole.") (citing Madison). Indeed, "it is entirely speculative whether an inmate will actually obtain parole inasmuch as there is no right to be released on parole." Madison, 104 F.3d at 768 (citation omitted). Because plaintiff has no constitutional expectancy of parole, and thus no protected liberty interest, "he cannot complain of the constitutionality of procedural devices attendant to parole decisions." Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam); see also Johnson v. Rodriguez, 110 F.3d 299, 308 ("It is therefore axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."). Even if a parole board fails to comply with applicable rules and guidelines, a prisoner's custody is not necessarily illegal. See Brown v. Lundgren, 528 F.2d 1050, 1052-53 (5th Cir. 1976) ("the mere expectation of parole release while still in otherwise lawful custody is not so vested as to result in a 'grievous loss' if denied by the parole board").

Accordingly, it is respectfully recommended that plaintiff's substantive due process claim be dismissed for failure to state a claim.

## IV. **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that this action, (D.E. 1), be dismissed.

ORDERED this 8th day of May 2013.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).