UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE ADOLPHO GUZMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-101 |
| | § | |
| RISSI L. OWENS, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION
TO DISMISS COMPLAINT**

Pending before the Court is Plaintiff's civil rights action filed pursuant to 42 U.S.C. § 1983. (D.E. 1). On May 8, 2013, United States Magistrate Judge Brian L. Owsley submitted a Memorandum and Recommendation (D.E. 6) addressing issues identified in the screening of Plaintiff's § 1983 action. (D.E. 1). The Magistrate Judge recommends that Plaintiff's action be dismissed. Plaintiff was granted an extension of time to file his Objections (D.E. 10), and Objections were timely filed on June 10, 2013. (D.E. 9). On August 23, 2013, Plaintiff filed an "Advisement" of Supplemental Authority. (D.E. 11).

In his Memorandum and Recommendation, the Magistrate Judge found that Plaintiff's § 1983 action failed to state a claim and, in the alternative, was frivolous. Plaintiff objects to the Magistrate Judge's findings based on allegations that the actions of Defendant, in her official capacity as Chairwoman of the Texas Board of Pardons and Paroles, violate his constitutional right to due process by retroactively applying Texas

Government Code § 508.046 to Plaintiff's application for parole.  Plaintiff also objects because no Spears hearing was ordered.  The Objections are set out and discussed below.

First, Plaintiff objects to dismissal of this action, arguing that his *ex post facto* claim is legally cognizable.  As the Magistrate Judge observed, § 508.046 "does not violate the Ex Post Facto Clause unless the plaintiff presents evidence that he would have received the required two votes necessary for parole pursuant to the previous statute." Wallace v. Quarterman, 516 F.3d 351, 355 (5th Cir. 2008).  Plaintiff's Objections include a document purporting to show that two parole board members voted in favor of granting him parole.  (D.E. 9, Exhibit A).

In Wallace, a similarly situated plaintiff offered evidence that two parole board members voted in favor of his parole to establish that the retroactive application of § 508.046 violated the Ex Post Facto Clause by producing an increased risk of confinement.  Id. at 356.  The Fifth Circuit found that the plaintiff's evidence provided no indication that the parole board members who voted favorably would have been assigned to the three-person panel under the previous statute, and thus the evidence was merely speculative.  Id.  To implicate the Ex Post Facto Clause, changes in parole law must "create more than a speculative, attenuated risk of affecting a prisoner's actual term of confinement." Id. (internal citation omitted).  Therefore, Plaintiff's evidence that two board members voted to grant him parole is insufficient to establish a violation of the Ex Post Facto Clause.  Plaintiff's first objection is **OVERRULED.**

Second, Plaintiff objects on the ground that his procedural due process rights have been violated because the parole board is acting outside of the authority granted to it by

the Texas legislature when it applies § 508.046 retroactively.  "[A prisoner] has no liberty interest in obtaining parole in Texas."  Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995).  Because Plaintiff does not have a constitutional right to parole, he "cannot mount a challenge against any state parole review procedure on procedural . . . Due Process grounds."  Johnson v. Rodriguez, 110 F. 3d 299, 308 (5th Cir. 1997) *cert. denied*, 522 U.S. 995 (1997).  Plaintiff's second objection is **OVERRULED.**

Third, Plaintiff objects because a Spears hearing was never ordered.  A Spears hearing is an evidentiary hearing that a magistrate may conduct *if needed* to flesh out the substance of a prisoner's claims.  Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990) (citing Spears v. McCotter, 766 F.2d 179, 180 (5th Cir. 1985)) (emphasis added).  A Spears hearing is not a legal requirement and thus, is not a basis for relief under § 1983.  The Magistrate Judge acted within his discretion in declining to conduct a Spears hearing as the Court finds that the factual basis of Plaintiff's claim is clear.  Plaintiff's third objection is **OVERRULED.**

Fourth, Plaintiff objects on the ground that the arbitrary and capricious actions conducted by the parole board in applying § 508.046 retroactively constitute bad faith.  Plaintiff fails to demonstrate how the administrative application of a statutory change can constitute "bad faith."  He also fails to demonstrate how an action that is allegedly taken in "bad faith" implicates a constitutional violation.  As discussed above, because a prisoner has no liberty interest in parole, Plaintiff cannot demonstrate a constitutional violation to support his § 1983 claim.  Orellana, 65 F.3d at 32.  Plaintiff's fourth objection is **OVERRULED.**

Fifth, Plaintiff objects based on the recent Supreme Court decision in <u>Peugh v. United States</u>, __ U.S. __, 133 S. Ct. 2072 (2013).  <u>Peugh</u>, which examined whether the application of sentencing guidelines promulgated after the petitioner committed a criminal act were a violation of the Ex Post Facto Clause, is not relevant to Plaintiff's claim.  <u>Peugh</u> discourages the stringent application of guidelines that operate to "cabin the exercise of discretion." 133 S. Ct. at 2084. The case addressed the length of the sentence imposed rather than the manner in which the sentence is administered.  The Supreme Court's holding in <u>Peugh</u> has no application to Plaintiff's claim.  Plaintiff's fifth objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.  Accordingly, Plaintiff's action is **DISMISSED.**  In the event that Plaintiff seeks a Certificate of Appealability, the request is **DENIED**.

ORDERED this 2nd day of October, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE